**MANDATE**

23-542
*Scuderi-Hunter v. Merklen*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-four.

PRESENT:
  RICHARD C. WESLEY,
  MICHAEL H. PARK,
  ALISON J. NATHAN,
   *Circuit Judges.*

_____

**Dana Scuderi-Hunter,**

   *Plaintiff-Appellant,*

  v.                23-542

**Amy B. Merklen, in her official capacity as the Delaware County Attorney, Tina B. Mole, in her official capacity as Chairperson of the Delaware County Board of Supervisors, The Delaware County Board of Supervisors, The County of Delaware,**

   *Defendants-Appellees.*
_____

FOR APPELLANT:    R<small>ONALD</small> G. D<small>UNN</small>, Gleason, Dunn, Walsh & O'Shea, Albany, NY.

FOR APPELLEES:    G<small>IANCARLO</small> F<small>ACCIPONTE</small> (Frank W. Miller, *on the brief*), Hancock Estabrook LLP, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Dana Scuderi-Hunter was the Delaware County Commissioner of Social Services. In her capacity as Commissioner, Scuderi-Hunter testified in a family-court proceeding involving placement of a child in her custody who was under probation supervision, in which she advocated for the child's placement in an alternative foster care setting. The Department of Probation took a different position, opining that the child should remain in secure detention. The family court decided the child should be placed in supervised foster care.

Not long after the proceeding, Defendants Amy B. Merklen, the Delaware County Attorney, and Tina B. Mole, Chairperson of the Delaware County Board of Supervisors, sent a letter to Scuderi-Hunter, reprimanding her for providing testimony that conflicted with the Probation Department's testimony. Scuderi-Hunter responded with her own letter, accusing Merklen of unethical conduct in the family-court proceeding. Scuderi-Hunter was placed on paid leave of absence and given an opportunity to resign, which she declined. The County then initiated an investigation into various allegations of misconduct by Scuderi-Hunter. A hearing was held on Scuderi-Hunter's conduct; the hearing officer found the evidence supported the charges and recommended that Scuderi-Hunter be terminated. The Delaware County Board of Supervisors adopted most of the misconduct findings and terminated Scuderi-Hunter's

1    employment; in doing so, however, it expressly declined to rely on Scuderi-Hunter's family court
2    testimony in reaching its decision.

3    Scuderi-Hunter commenced an Article 78 proceeding in the New York Supreme Court,
4    seeking review of the Board's decision. The proceeding was transferred to the Appellate
5    Division, Third Department, which confirmed the Board's determination to terminate Scuderi-
6    Hunter. The Third Department concluded that Scuderi-Hunter's role in the family court hearings
7    could not have "serve[d] as the basis for any finding of misconduct" based on the Board's
8    disclaimer. *See Scuderi-Hunter v. Cnty. of Delaware*, 163 N.Y.S.3d 664, 667 (N.Y. App. Div.
9    2022). It also noted that, in any event, Scuderi-Hunter's testimony would not have constituted a
10   breach of loyalty under state law. *Id.* But the Third Department nevertheless found "substantial
11   evidence in the record to sustain other misconduct findings made by the Hearing Officer" and
12   upheld Scuderi-Hunter's termination as not "so disproportionate to the charged offenses as to
13   shock one's sense of fairness." *Id.* at 671, 673 (quotation marks omitted). Scuderi-Hunter then
14   sued in district court under 42 U.S.C. § 1983, bringing claims of retaliation for her constitutionally
15   protected testimony in the family-court proceeding and statements made in her letter against
16   Merklen. The district court granted Defendants' motion to dismiss under the doctrine of collateral
17   estoppel. Scuderi-Hunter now appeals. We assume the parties' familiarity with the underlying
18   facts, the procedural history of the case, and the issues on appeal.

19   "We review the district court's dismissal of [an] action on collateral estoppel grounds *de*
20   *novo*." *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 198 F.3d 342, 346 (2d Cir. 1999).
21   "Issue preclusion, also referred to as collateral estoppel, bars 'successive litigation of an
22   issue of fact or law actually litigated and resolved in a valid court determination essential to [a]

3

1. prior judgment.'" *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021). "[A] federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment even if there is jurisdiction to hear the merits of the claim, and the claim is otherwise properly presented." *McKithen v. Brown*, 481 F.3d 89, 103 (2d Cir. 2007) (quotation marks omitted). "In determining whether claim or issue preclusion applies, our inquiry is governed by New York state law." *Id*.

2. "Under New York law, issue preclusion will apply only if '(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding.'" *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005). Here, Defendants have the "burden of showing that the issues are identical and were necessarily decided in the prior action," while Scuderi-Hunter bears "the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues." *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013) (quoting *Kulak v. City of New York*, 88 F.3d 63, 72 (2d Cir. 1996)).

3. Scuderi-Hunter's claims of First Amendment retaliation are barred by collateral estoppel. Scuderi-Hunter argued before the Third Department that she had been unconstitutionally fired in retaliation for exercise of her First Amendment rights. And while the Third Department did not specifically address this argument, it stated at the end of its opinion that it had "considered [Scuderi-Hunter's] remaining contentions and [found] them to be unavailing." *Scuderi-Hunter*, 163 N.Y.S.3d at 673. This decided the issue of whether Scuderi-Hunter's termination was in retaliation for constitutionally protected speech, and she is precluded by collateral estoppel from relitigating the issue. *See Parker v. Blauvelt Volunteer Fire Co., Inc.*, 93 N.Y.2d 343, 350 (1999).

Even though the Third Department did not discuss Scuderi-Hunter's retaliation claim, "[t]he prior decision of the issue need not have been explicit . . . [i]f by necessary implication it is contained in that which has been explicitly decided." *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003) (internal quotation marks omitted).

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court granting Defendants' motion to dismiss on collateral estoppel grounds is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit